J-A27024-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| FRANKLIN C. BROWN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| RITE AID CORPORATION, BALLARD | : | No. 1362 MDA 2021 |
| SPAHR, LLP, AND WILLIAM A. | : | |
| SLAUGHTER | : | |

Appeal from the Order Entered September 21, 2021
In the Court of Common Pleas of Cumberland County Civil Division at
No(s):  2018-02654

BEFORE:   DUBOW, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:        **FILED: MARCH 27, 2023**

Franklin C. Brown ("Brown") appeals from the order denying his motion to disqualify William A. Slaughter, Esquire ("Attorney Slaughter") and the law firm of Ballard Spahr, LLP ("Ballard") from representing Rite Aid Corporation ("Rite Aid"). We affirm.

Brown was an officer, director, and chief counsel for Rite Aid for many years. In 1999, Rite Aid misstated its fiscal financial reporting results, resulting in numerous shareholder derivative lawsuits filed against Rite Aid and its board of directors, including Brown. Rite Aid retained Ballard to represent it and its board of directors and officers in its defense of those actions ("derivative actions"). Attorney Slaughter from Ballard was one of the

_____

[*] Retired Senior Judge assigned to the Superior Court.

lead attorneys for Rite Aid. Rite Aid hired another law firm, Swidler & Berlin, to conduct an internal investigation of Rite Aid's accounting practices. Brown alleges that during this internal investigation, Swidler & Berlin obtained confidential information about him and shared the information with Attorney Slaughter and Ballard. However, Brown alleges that he was not aware of this until April 2019 when Attorney Slaughter disclosed this in a deposition.

In December 2000, Ballard and Attorney Slaughter successfully negotiated a settlement of the derivative actions. The settlement agreement defined the "Settling Defendants" as Rite Aid and its current and former directors, which included Brown. All "Settling Defendants" were also "Released Parties" under the settlement agreement. The settlement agreement also contained a "Bar Order" and permanent federal injunction whereby the Settling Defendants were "permanently barred, enjoined and restrained from commencing, prosecuting, or asserting any other claim, however styled, whether for indemnification, contribution or otherwise, and whether arising under state, federal or common law, against the Released Parties based upon, arising out of or relating to the Settled Claims." The late United States District Judge Stewart Dalzell approved the settlement agreement on August 15, 2001.

A little more than a year later, on October 9, 2002, Rite Aid, through its attorneys at Ballard, including Attorney Slaughter, sued Brown in the Court of Common Pleas of Cumberland County ("Underlying Action"). Rite Aid asserted numerous claims against Brown, including breach of fiduciary duty, civil

conspiracy and breach of contract. This litigation continued for approximately 14 years. In 2016, Brown's attorneys alleged that they discovered that Ballard and Attorney Slaughter had caused Rite Aid to initiate the Underlying Action against Brown illegally in violation of the settlement agreement, the Bar Order, and the permanent federal injunction.[1] In March 2016, Brown filed a motion in the Eastern District of Pennsylvania to enforce the settlement agreement, Bar Order, and permanent injunction. In June 2016, Judge Dalzell found that Rite Aid had violated the settlement agreement, Bar Order, and injunction when it commenced the Underlying Action against Brown. The court enjoined Rite Aid from proceeding with the Underlying Action.

In March 2018, Brown filed the current action against Rite Aid, Ballard, and Attorney Slaughter based on their allegedly wrongful initiation of the Underlying Action. He asserted claims of wrongful use of civil proceedings, abuse of process, and civil conspiracy. In April 2019, Brown deposed Attorney Slaughter in a separate case in Dauphin County. Brown alleges that during that deposition, "Brown learned for the first time that substantial personal and confidential information that Brown had provided to Swidler & Berlin's attorneys during their internal investigation had been shared with" Ballard and Attorney Slaughter. Brown's Br. at 9 n.3.

_____

[1] Brown maintains that for many years, he was unaware of the settlement agreement and Bar Order, as well as his status as a "Released Party."

Some two and a half years later, in August 2021, Brown filed a motion to disqualify Ballard and Attorney Slaughter from representing Rite Aid due to a conflict of interest. The court heard argument on the motion to disqualify and denied the motion on September 20, 2021. This appeal followed.[2, 3]

Brown raises two issues for our review:

1. Whether William Slaughter, Esq. should be disqualified from representing his codefendant Rite Aid Corporation in this case[?]

2. Whether Ballard Spahr, LLP should be disqualified from representing its codefendant Rite Aid Corporation in this case[?]

Brown's Br. at 4.

Brown's two issues are related so we address them together. Brown argues that Attorney Slaughter should be disqualified from representing Rite Aid because during the internal investigation of Rite Aid, Swidler & Berlin obtained confidential information about Brown and shared this information with Attorney Slaughter. Brown's Br. at 32. Brown contends that Attorney Slaughter and Ballard may not use this information against him in the instant lawsuit. *Id.* Citing Rule of Professional Conduct 1.9, Brown argues that an

---

[2] An "order denying a motion to disqualify a law firm based on conflict of interest is immediately appealable as a collateral order." *See Rudalavage v. PPL Elec. Util. Corp.*, 268 A.3d 470, 478 (Pa.Super. 2022); *see also* Pa.R.A.P. 313 (governing collateral orders).

[3] In the same notice of appeal, Brown also appealed the court's order denying his motion to file an amended complaint. However, we quashed that portion of the appeal as a non-appealable collateral order. *See* Order, 3/14/22.

attorney who has formerly represented a client in a matter is prohibited from representing another person in a substantially related matter in which that person's interests are materially adverse to the interests of the former client. *Id.* at 28-29. According to Brown, Judge Dalzell has already ruled that the derivative litigation in which Attorney Slaughter represented Brown involved the same transactions and legal disputes in the Underlying Action which forms the basis of Brown's claims in the current case. *Id.* at 30. Brown thus contends that the instant lawsuit is "substantially related" to the earlier derivative litigation and Attorney Slaughter should be disqualified from representing Rite Aid. *Id.* at 37. Brown also argues that Ballard should likewise be disqualified under Rule of Professional Conduct 1.10 because the duty owed by an attorney to his client extends to members of the attorney's law firm. *Id.* at 37-38.

Brown additionally argues that Attorney Slaughter and Ballard should be disqualified from representing Rite Aid under Rule of Professional Conduct 1.7. *Id.* at 38. That Rule, discussed below, prohibits an attorney from representing a client if a concurrent conflict of interest exists, that is, the representation of one client is directly adverse to the interests of another client. Brown argues that a concurrent conflict of interest exists because "[a]s codefendants, Rite Aid on the one hand and [Attorney Slaughter and Ballard] on the other, are aligned directly against each other because each would potentially benefit from blaming the other for the misconduct alleged in the Complaint." *Id.* at 40-41. Brown concludes that because "[Attorney] Slaughter and Ballard [] cannot reasonably ignore their own financial interests

and wellbeing as codefendants with Rite Aid, this Court should not permit the concurrent conflicts of interest to continue." *Id.* at 47.

This Court employs a plenary standard of review when reviewing a trial court's order on disqualification of counsel. *Rudalavage*, 268 A.3d at 478. A court may disqualify an attorney for violating ethical rules. *Id.* Although disqualification is an appropriate sanction in some cases, "it is a serious remedy which must be imposed with an awareness of the important interests of a client in representation by counsel of the client's choice." *McCarthy v. Se. Pa. Transp. Auth.*, 772 A.2d 987, 991 (Pa.Super. 2001) (internal quotation marks and citation omitted). Indeed, "courts should not lightly interfere with the right to counsel of one's choice. Thus, disqualification is appropriate only when both another remedy for the violation is not available and it is essential to ensure that the party seeking disqualification receives the fair trial that due process requires." *Rudalavage*, 268 A.3d at 478 (citation omitted).

An attorney owes its client a fiduciary duty, which prohibits the attorney from engaging in conflicts of interest. *Dougherty v. Phila. Newspapers, LLC*, 85 A.3d 1082, 1086-87 (Pa.Super. 2014). Rule 1.9 of the Rules of Professional Conduct is a recognition of the common-law duty attorneys owe to their current and former clients. It provides, in pertinent part:

> (a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent.

- 6 -

\*\*\*

>    (c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:
>
>    > (1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or
>
>    > (2) reveal information relating to the representation except as these Rules would permit or require with respect to a client.

Pa.R.P.C. 1.9(a), (c).

To establish grounds for disqualification, the former client must demonstrate three elements:

>    (1) that a past attorney/client relationship existed which was adverse to a subsequent representation by the law firm of the other client; (2) that the subject matter of the relationship was substantially related; (3) that a member of the law firm, as attorney for the adverse party, acquired knowledge of confidential information from or concerning the former client, actually or by operation of law.

*Dougherty*, 85 A.3d at 1087 (citation omitted).

Rule 1.7 of the Rules of Professional Conduct governs conflicts involving current clients and forbids concurrent conflicts of interest. Pa.R.P.C. 1.7(a). A concurrent conflict of interest exists if:

>    (1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

*Id.* Rule 1.7(b) also outlines four circumstances that must be present that permits an attorney to engage in a representation despite the existence of a concurrent conflict of interest. It provides:

> (b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
>
> > (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
> >
> > (2) the representation is not prohibited by law;
> >
> > (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
> >
> > (4) each affected client gives informed consent.

Pa.R.P.C. 1.7(b).

Here, in denying Brown's motion to disqualify counsel, the trial court observed that Ballard's representation of Brown in the derivative litigation terminated 21 years ago when Brown retained separate counsel to represent his interests. Trial Court Opinion, filed 12/29/21, at 2. The court found that Ballard's representation of Brown involved no communication of confidential information between Brown and Ballard that could be used to Brown's detriment in the present case. *Id.* The court determined that Rule 1.9 was not applicable because this matter is not the "same or substantially related" to the derivative action. *Id.* It further found that there was no conflict between the interests of Rite Aid and Ballard under Rule 1.7, "and even if there were, . . . Rite Aid has selected Ballard as its counsel in this matter and has waived any

asserted conflict that would preclude Ballard from undertaking that representation." *Id.* at 3.

We discern no error by the trial court in denying the motion for disqualification. Brown does not allege that he communicated any confidential information to Attorney Slaughter or Ballard. Rather, he claims he communicated information to another firm, Swidler & Berlin, who was retained by Rite Aid to conduct an internal investigation of its accounting practices. Thus, Brown cannot claim any confidentiality interest in the unidentified information he allegedly provided to Swidler & Berlin since he did not have an attorney-client relationship with Swidler & Berlin.

Further, this case is not the "same or substantially related" to the derivative actions. The derivative actions involved shareholders bringing lawsuits against Rite Aid and its directors for accounting misreporting. This case arises from Brown's claims of wrongful use of civil proceedings, abuse of process, and civil conspiracy against Rite Aid and its counsel based on their wrongful initiation of the Underlying Action. Additionally, although a party requesting disqualification need not disclose the specific confidential information that was obtained by their former counsel, *see* Pa.R.P.C. 1.9 cmt. 3, Brown fails to demonstrate how the information that Ballard allegedly obtained in its representation of Brown as a board member in the derivative action would be used to his detriment in the present case. Brown's conclusory arguments do not carry his burden. Thus, disqualification under Rule 1.9 is not warranted.

Disqualification under Rule 1.7 is also not warranted. By its plain terms, Rule 1.7 relates to a current client's interest as it relates to his attorney. Brown is not the current client of Ballard or Attorney Slaughter. Therefore, Rule 1.7 is inapplicable. Even if Rule 1.7 applied, Rite Aid has given its informed consent to Ballard's concurrent representation of it, Ballard, and Attorney Slaughter in the defense of this case. Brown is not conceivably harmed by that concurrent representation. Thus, the court did not err in denying Brown's motion for disqualification under Rule 1.7.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/27/2023